**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 07 2017

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL NO. |
| ) | 17-370 JCH |
| vs. ) | |
| ) | Count 1: 18 U.S.C. § 371: Conspiracy; |
| IMAD AYSHEH, a.k.a. ) | |
| "Imad Manassra," ) | Counts 2-3: 18 U.S.C. § 1159: Violation of |
| IYAD AYSHEH, ) | the Indian Arts and Crafts Act. |
| NEDAL AYSHEH, ) | |
| RAED AYSHEH, and ) | |
| NAEL ALI, ) | |
| ) | |
| Defendants. ) | |

## INDICTMENT

The Grand Jury charges:

### Introduction

1. On or about March 17, 2014, the defendant, **IMAD AYSHEH**, aka **IMAD MANASSRA** (hereinafter **IMAD AYSHEH**), registered "Imad's Jewelry," as a business entity in the Philippines. **IMAD AYSHEH** was the owner and operator of Imad's Jewelry until at least October 28, 2015. The purported purpose of Imad's Jewelry was "to engage in the business of JEWELRY MANUFACTURING AND EXPORT," as set forth on the Certificate of Authority (No. 2014-01) issued by the Republic of the Philippines, Department of Trade.

2. On or about August 15, 2014, the defendant, **IYAD AYSHEH**, registered I J Wholesale Inc ("IJW") with the California Secretary of State as a corporation located at 1406 Lincoln Ave., Calistoga, CA 94515. According to California Secretary of State records, the defendant, **IYAD AYSHEH**, is the CEO and agent for IJW.

3. On or about February 6, 2012, the defendant, **RAED AYSHEH**, registered

Golden Bear & Legacy, LLC ("Golden Bear") with the California Secretary of State as a corporation located at 1406 Lincoln Ave., Calistoga, CA 94515. **RAED AYSHEH** was the owner and operator of Golden Bear until at least October 28, 2015. **RAED AYSHEH** held Golden Bear out as specializing in "Precious Stones, 14k & 18k Gold, Sapphires, Tanzanite, Diamonds, Sterling Silver, Art, Pottery, & Native American Jewelry."

4.  From on or about January 21, 2011, and continuing to on or about October 28, 2015, **NAEL ALI**, owned and operated Gallery 8 and Galleria Azul, two distinct Indian-style arts and crafts retail stores in Old Town Albuquerque, New Mexico.

5.  The term "Indian" means any individual who is a member of an Indian tribe, or is certified as an Indian artisan by an Indian tribe.

## Count 1

6.  Paragraphs 1 through 5 of the Introduction, above, are hereby incorporated by reference as if realleged and recited in full.

7.  From on or about March 17, 2014, and continuing to on or about October 28, 2015, in the District of New Mexico and elsewhere, the defendants, **IMAD AYSHEH, IYAD AYSHEH, NEDAL AYSHEH,** and **RAED AYSHEH**, and others known and unknown to the grand jury, knowingly, unlawfully and willfully combined, conspired, confederated, agreed, and acted interdependently with one another to commit certain offenses against the United States, as follows:

   a. To knowingly display and offer for sale for $1,000 and more, jewelry manufactured in the Philippines, in a manner that suggested the jewelry was Indian produced, an Indian product, and the product of a particular Indian and

Indian tribe, resident within the United States, when in truth and in fact, as they there and then well knew and believed, the good was not Indian produced, an Indian product, and the product of a particular Indian and Indian tribe, in violation of 18 U.S.C. § 1159.

b. To transport and to attempt to transport funds in U.S. Currency from a place in the United States, that is San Francisco, California, to a place outside the United States, that is the Philippines, with the intent to promote the carrying on of specified unlawful activity, that is importing Indian-style jewelry manufactured by Imad's Jewelry in the Philippines without an indelible country-of-origin marking, in violation of 18 U.S.C. §§ 542 and 545, in violation of 18 U.S.C. § 1956(a)(2)(A);

c. To willfully and knowingly enter and introduce, and attempt to enter and introduce, into the commerce of the United States, imported merchandise, that is, Indian-style jewelry manufactured by Imad's Jewelry in the Philippines, by means of a false and fraudulent practice and appliance, to wit, importing Indian-style jewelry manufactured by Imad's Jewelry in the Philippines without an indelible country-of-origin marking, in violation of 19 C.F.R. 134.43(c), in violation of 18 U.S.C. §§ 542 and 545;

d. To cause to be mailed and to be delivered and received from the United States Postal Service, or any private or commercial interstate carrier, any document, matter or thing in furtherance of a scheme and artifice to defraud the United States and the People of the United States of money, and to obtain money by means of

   false and fraudulent pretenses, in violation of 18 U.S.C. § 1341;

e. To cause to be transmitted by means of wire communications in interstate and foreign commerce writings, signs, signals, and sounds in furtherance of a scheme and artifice to defraud the United States and the People of the United States of money, and to obtain money by means of false and fraudulent pretenses, in violation of 18 U.S.C. § 1343; and

f. Knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, to conduct and attempt to conduct such a financial transaction of a value greater than $10,000 in violation of 18 U.S.C. § 1957.

## **Manner and Means**

8. It was a part of the conspiracy that **IMAD AYSHEH** would own and operate Imad's Jewelry, a manufacturing business in the Philippines, to manufacture Indian-style jewelry using Filipino labor for import into the United States.

9. It was a further part of the conspiracy that **IMAD AYSHEH** would ensure that the Indian-style jewelry was marked only with the initials "IJ" and not with the country of origin.

10. It was a further part of the conspiracy that **NEDAL AYSHEH** would source materials and train the Filipino laborers employed by Imad's Jewelry to manufacture Indian-style jewelry.

11. It was a further part of the conspiracy that **IYAD AYSHEH** would own and operate IJW, a business in the United States, to import Indian-style jewelry manufactured by Imad's Jewelry into the United States.

12. It was a further part of the conspiracy that **IYAD AYSHEH** and IJW, and **RAED AYSHEH** and Golden Bear, would make regular payments to **IMAD AYSHEH** and Imad's Jewelry to facilitate the import of its Indian-style jewelry.

13. It was a further part of the conspiracy that **IMAD AYSHEH** and **IYAD AYSHEH** would arrange for the shipment of Indian-style jewelry from Imad's Jewelry to 1406 Lincoln Ave., Calistoga, CA 94515.

14. It was a further part of the conspiracy that **IYAD AYSHEH** and **RAED AYSHEH** would accept the shipments from Imad's Jewelry in the United States.

15. It was a further part of the conspiracy that **IYAD AYSHEH**, **NEDAL AYSHEH**, and **RAED AYSHEH** would distribute the imported Indian-style jewelry from Imad's Jewelry to jewelry stores in the United States specializing in Indian jewelry.

16. It was a further part of the conspiracy that **RAED AYSHEH** would own and operate Golden Bear, an Indian-style jewelry store, to sell the imported Indian-style jewelry from Imad's Jewelry to the public.

## Overt Acts

17. In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed in the District of New Mexico, and elsewhere:

   a. On or about March 17, 2014, the defendant, **IMAD AYSHEH**, registered his business "Imad's Jewelry," in the Philippines "to engage in the business of JEWELRY MANUFACTURING AND EXPORT," as set forth on the Certificate of Authority (No. 2014-01) issued by the Republic of the Philippines, Department of Trade.

b. On or about May 23, 2014, the defendant, **IMAD AYSHEH**, carrying $7,050 in U.S. Currency and a luggage bag full of dozens of jewelry molds made of rubber and silicone, departed the United States at the San Francisco International Airport on Philippines Airlines flight #105 en route to Cebu, Philippines.

c. On or about May 23, 2014, the defendant, **IMAD AYSHEH**, traveled to the Philippines intending to use the money listed above to finance his jewelry manufacturing business in Cebu in order to benefit from the "cheap labor."

d. Between on or about May 23, 2014, and July 27, 2014, the defendant, **IMAD AYSHEH**, traveled from the Philippines to Guangdong, China, for seven days in order to import materials to Cebu, Philippines, for Imad's Jewelry.

e. On or about July 1, 2014, the defendant, **IMAD AYSHEH**, opened Imad's Jewelry in Cebu, Philippines, for business.

f. On or about July 27, 2014, the defendant, **IMAD AYSHEH**, carrying jewelry samples manufactured in Cebu, Philippines, arrived in the United States at the San Francisco International Airport on Philippines Airlines flight #104 en route from Manila, Philippines.

g. On or about August 15, 2014, the defendant, **IMAD AYSHEH**, carrying $7,300 in U.S. Currency, departed the United States at the San Francisco International Airport on Philippines Airlines flight #105 en route to Cebu, Philippines.

h. On or about each of the following dates, the defendant, **IYAD AYSHEH**, transferred funds via wire transfer from IJW's account at Bank of the West (Acct. #39652644) in the following amounts to the defendant, **IMAD AYSHEH**, at

6

Imad's Jewelry's account at BDO Unibank (Acct. # 0493009155):

| Date | Sender | Amount | Payee |
|---|---|---|---|
| 11/12/2014 | IYAD AYSHEH IJW (…2644) | $3,500 | IMAD AYSHEH Imad's Jewelry (…9155) |
| 11/19/2014 | IYAD AYSHEH IJW (…2644) | $2,500 | IMAD AYSHEH Imad's Jewelry (…9155) |
| 11/26/2014 | IYAD AYSHEH IJW (…2644) | $10,000 | IMAD AYSHEH Imad's Jewelry (…9155) |
| 12/3/2014 | IYAD AYSHEH IJW (…2644) | $6,000 | IMAD AYSHEH Imad's Jewelry (…9155) |
| 12/10/2014 | IYAD AYSHEH IJW (…2644) | $8,000 | IMAD AYSHEH Imad's Jewelry (…9155) |
| 12/18/2014 | IYAD AYSHEH IJW (…2644) | $60,000 | IMAD AYSHEH Imad's Jewelry (…9155) |
| 2/5/2015 | IYAD AYSHEH IJW (…2644) | $3,000 | IMAD AYSHEH Imad's Jewelry (…9155) |
| 2/23/2015 | IYAD AYSHEH IJW (…2644) | $4,500 | IMAD AYSHEH Imad's Jewelry (…9155) |
| 3/9/2015 | IYAD AYSHEH IJW (…2644) | $13,000 | IMAD AYSHEH Imad's Jewelry (…9155) |
| 3/25/2015 | IYAD AYSHEH IJW (…2644) | $7,500 | IMAD AYSHEH Imad's Jewelry (…9155) |
| 4/7/2015 | IYAD AYSHEH IJW (…2644) | $5,000 | IMAD AYSHEH Imad's Jewelry (…9155) |
| 4/13/2015 | IYAD AYSHEH IJW (…2644) | $1,500 | IMAD AYSHEH Imad's Jewelry (…9155) |
| 4/13/2015 | IYAD AYSHEH IJW (…2644) | $8,500 | IMAD AYSHEH Imad's Jewelry (…9155) |
| 4/20/2015 | IYAD AYSHEH IJW (…2644) | $8,500 | IMAD AYSHEH Imad's Jewelry (…9155) |
| 4/27/2015 | IYAD AYSHEH IJW (…2644) | $2,000 | IMAD AYSHEH Imad's Jewelry (…9155) |
| 4/30/2015 | IYAD AYSHEH IJW (…2644) | $6,500 | IMAD AYSHEH Imad's Jewelry (…9155) |
| 5/7/2015 | IYAD AYSHEH IJW (…2644) | $6,000 | IMAD AYSHEH Imad's Jewelry (…9155) |
| 5/14/2015 | IYAD AYSHEH IJW (…2644) | $6,000 | IMAD AYSHEH Imad's Jewelry (…9155) |
| 5/21/2015 | IYAD AYSHEH IJW (…2644) | $8,000 | IMAD AYSHEH Imad's Jewelry (…9155) |

| Date | Sender | Amount | Payee |
|---|---|---|---|
| 5/27/2015 | IYAD AYSHEH IJW (...2644) | $6,000 | IMAD AYSHEH Imad's Jewelry (...9155) |
| 6/1/2015 | IYAD AYSHEH IJW (...2644) | $3,500 | IMAD AYSHEH Imad's Jewelry (...9155) |
| 6/4/2015 | IYAD AYSHEH IJW (...2644) | $10,000 | IMAD AYSHEH Imad's Jewelry (...9155) |
| 6/15/2015 | IYAD AYSHEH IJW (...2644) | $4,000 | IMAD AYSHEH Imad's Jewelry (...9155) |

    i. On or about each of the following dates, the defendant, **IYAD AYSHEH**, transferred funds via wire transfer from IJW's account at Bank of America (Acct. #325046684783) in the following amounts to the defendant, **IMAD AYSHEH**, at Imad's Jewelry's account at BDO Unibank (Acct. # 0493009155):

| Date | Sender | Amount | Payee |
|---|---|---|---|
| 7/27/2015 | IYAD AYSHEH IJW (...4783) | $3,500 | IMAD AYSHEH Imad's Jewelry (...9155) |
| 8/5/2015 | IYAD AYSHEH IJW (...4783) | $6,000 | IMAD AYSHEH Imad's Jewelry (...9155) |
| 8/7/2015 | IYAD AYSHEH IJW (...4783) | $2,500 | IMAD AYSHEH Imad's Jewelry (...9155) |
| 8/13/2015 | IYAD AYSHEH IJW (...4783) | $8,000 | IMAD AYSHEH Imad's Jewelry (...9155) |
| 8/19/2015 | IYAD AYSHEH IJW (...4783) | $5,000 | IMAD AYSHEH Imad's Jewelry (...9155) |
| 8/25/2015 | IYAD AYSHEH IJW (...4783) | $3,000 | IMAD AYSHEH Imad's Jewelry (...9155) |
| 8/27/2015 | IYAD AYSHEH IJW (...4783) | $4,000 | IMAD AYSHEH Imad's Jewelry (...9155) |
| 9/3/2015 | IYAD AYSHEH IJW (...4783) | $5,500 | IMAD AYSHEH Imad's Jewelry (...9155) |
| 9/10/2015 | IYAD AYSHEH IJW (...4783) | $7,000 | IMAD AYSHEH Imad's Jewelry (...9155) |
| 9/16/2015 | IYAD AYSHEH IJW (...4783) | $2,000 | IMAD AYSHEH Imad's Jewelry (...9155) |
| 9/24/2015 | IYAD AYSHEH IJW (...4783) | $12,500 | IMAD AYSHEH Imad's Jewelry (...9155) |
| 10/1/2015 | IYAD AYSHEH IJW (...4783) | $6,000 | IMAD AYSHEH Imad's Jewelry (...9155) |

| 10/7/2015 | IYAD AYSHEH IJW (…4783) | $4,000 | IMAD AYSHEH Imad's Jewelry (…9155) |
| --- | --- | --- | --- |
| 10/13/2015 | IYAD AYSHEH IJW (…4783) | $10,000 | IMAD AYSHEH Imad's Jewelry (…9155) |
| 10/19/2015 | IYAD AYSHEH IJW (…4783) | $6,500 | IMAD AYSHEH Imad's Jewelry (…9155) |
| 10/27/2015 | IYAD AYSHEH IJW (…4783) | $2,500 | IMAD AYSHEH Imad's Jewelry (…9155) |

j. On or about each of the following dates, the defendant, **RAED AYSHEH**, transferred funds via check from Golden Bear's account at Bank of America (Acct. #325024942104) in the following amounts to the defendant, **IYAD AYSHEH**, at IJW's account at Bank of the West (Acct. #039-652644):

| Date | Sender | Amount | Payee |
| --- | --- | --- | --- |
| 12/3/2014 | RAED AYSHEH Golden Bear (…2104) | $3,700 | IYAD AYSHEH IJW (…2644) |
| 12/5/2014 | RAED AYSHEH Golden Bear (…2104) | $9,000 | IYAD AYSHEH IJW (…2644) |
| 2/5/2015 | RAED AYSHEH Golden Bear (…2104) | $2,000 | IYAD AYSHEH IJW (…2644) |
| 2/19/2015 | RAED AYSHEH Golden Bear (…2104) | $4,500 | IYAD AYSHEH IJW (…2644) |
| 3/25/2015 | RAED AYSHEH Golden Bear (…2104) | $3,000 | IYAD AYSHEH IJW (…2644) |
| 5/6/2015 | RAED AYSHEH Golden Bear (…2104) | $6,000 | IYAD AYSHEH IJW (…2644) |

k. On or about each of the following dates, the defendant, **RAED AYSHEH**, transferred funds via check from Golden Bear's account at Bank of the West (Acct. #027-691139) in the following amounts to the defendants, **IMAD AYSHEH** and **IYAD AYSHEH**, at the following accounts:

| Date | Sender | Amount | Payee |
| --- | --- | --- | --- |
| 4/29/2014 | RAED AYSHEH Golden Bear (…1139) | $1,100 | IYAD AYSHEH (28887216) |

9

| 7/18/2014 | **RAED AYSHEH** Golden Bear (…1139) | $2,100 | **IMAD MANASSRA** (41000456) |
| --- | --- | --- | --- |
| 8/4/2014 | **RAED AYSHEH** Golden Bear (…1139) | $3,000 | **IMAD MANASSRA** (9460014) |
| 8/8/2014 | **RAED AYSHEH** Golden Bear (…1139) | $1500 | **IMAD MANASSRA** (35930001) |
| 8/10/2014 | **RAED AYSHEH** Golden Bear (…1139) | $2900 | **IYAD AYSHEH** I Jewelers Wholesale Inc. (34093559) |
| 1/2/2015 | **RAED AYSHEH** Golden Bear (…1139) | $2000 | **IYAD AYSHEH** (28887216) |

l. From on or about September 25, 2014, and continuing to on or about October 7, 2015, the defendants, **IMAD AYSHEH** and **IYAD AYSHEH**, imported twenty-eight shipments of Indian-style jewelry with a declared value of approximately $263,000, into the United States.

m. From on or about September 25, 2014, and continuing to on or about July 15, 2015, the defendants, **IMAD AYSHEH** and **IYAD AYSHEH**, sent shipments of Indian-style jewelry manufactured by Imad's Jewelry from Imad's Jewelry in the Philippines to IJW at 1406 Lincoln Avenue, Calistoga, California.

n. From on or about September 25, 2014, and continuing to on or about July 15, 2015, the defendants, **IYAD AYSHEH** and **RAED AYSHEH**, received and signed for the shipments from Imad's Jewelry containing imported Indian-style jewelry at 1406 Lincoln Avenue, Calistoga, California.

o. From on or about July 15, 2015, and continuing to on or about October 28, 2015, the defendants, **IMAD AYSHEH** and **IYAD AYSHEH**, sent shipments of Indian-style jewelry manufactured by Imad's Jewelry from Imad's Jewelry in the Philippines to IJW at 100 North Sacramento St., Lodi, California.

p. From on or about July 15, 2015, and continuing to on or about October 28, 2015, the defendant, **IYAD AYSHEH**, retrieved the shipments from Imad's Jewelry containing imported Indian-style jewelry at 100 North Sacramento St., Lodi, California.

q. On or about January 22, 2015, the defendant, **NEDAL AYSHEH**, sent a series of text messages to the defendant, **RAED AYSHEH**, requesting that he deposit $500 into the defendant's, **IMAD AYSHEH's**, Wells Fargo account (Acct. #8099290192).

r. On or about January 22, 2015, the defendant, **NEDAL AYSHEH**, sent a series of images of partly finished Indian-style jewelry manufactured by Imad's Jewelry to the defendant, **RAED AYSHEH**, via cell phone text messaging.

s. On or about February 2, 2015, the defendant, **IMAD AYSHEH**, sent a series of images of partly finished Indian-style jewelry manufactured by Imad's Jewelry to the defendant, **RAED AYSHEH**, via cell phone text messaging.

t. On or about February 21, 2015, the defendant, **RAED AYSHEH**, displayed, offered for sale and sold to an undercover agent, as genuine Indian jewelry, Indian-style jewelry manufactured by Imad's Jewelry.

u. From on or about March 2, 2015, and continuing to on or about April 5, 2015, the defendant, **RAED AYSHEH**, displayed, offered for sale and sold for approximately $1,800 to E.S., a member of the public, as genuine Indian jewelry, Indian-style jewelry manufactured by Imad's Jewelry.

v. On or about March 23, 2015, the defendant, **RAED AYSHEH**, mailed a package

    containing imported Indian-style jewelry manufactured by Imad's Jewelry to E.S. in Montara, California.

w. On or about March 21, 2015, the defendant, **IYAD AYSHEH**, sold $10,898 worth of Indian-style jewelry manufactured by Imad's Jewelry, as genuine Indian jewelry, to E.O., owner of I.T.G., an Indian-style jewelry store, located in San Diego, California.

x. On or about April 15, 2015, the defendant, **IYAD AYSHEH**, sold $16,262 worth of Indian-style jewelry manufactured by Imad's Jewelry, as genuine Indian jewelry made by Navajo artist Rick Tolino, to E.O., owner of I.T.G., an Indian-style jewelry store, located in San Diego, California.

y. On or about July 7, 2015, the defendant, **RAED AYSHEH**, displayed, offered for sale and sold to an undercover agent, as genuine Indian jewelry, Indian-style jewelry manufactured by Imad's Jewelry.

z. From on or about June 1, 2015, and continuing to on or about August 12, 2015, the defendant, **IYAD AYSHEH**, sold $5,102 worth of Indian-style jewelry manufactured by Imad's Jewelry, as genuine Indian jewelry to M.A., owner of S.F.A.R., Inc., an Indian-style jewelry store, located in Santa Fe, New Mexico.

aa. On or about each of the following dates, the defendant, **NAEL ALI**, transferred funds via check from Galleria Azul's bank account (Acct. #8093377451) and Gallery 8's bank account (Acct. #8092233979) in the following amounts to the defendant, **NEDAL AYSHEH**:

| Date | Sender | Amount | Payee |
|---|---|---|---|
| 7/26/2015 | **NAEL ALI** Galleria Azul (…7451) | $1,000 | **NEDAL AYSHEH** |
| 7/18/2014 | **NAEL ALI** Gallery 8 (…3979) | $1,580 | **NEDAL AYSHEH** |
| 8/10/2014 | **NAEL ALI** Gallery 8 (…3979) | Unknown | **NEDAL AYSHEH** |
| 8/24/2014 | **NAEL ALI** Gallery 8 (…3979) | $2,000 | **NEDAL AYSHEH** |

bb. In or about September 2015, the defendant, **NAEL ALI**, traveled to Las Vegas, Nevada, to meet with the defendant, **IYAD AYSHEH**, in order to purchase imported Indian-style jewelry manufactured by Imad's Jewelry in the Philippines.

cc. On or about October 15, 2015, the defendant, **NAEL ALI**, displayed and offered for sale from his business Galleria Azul, to the public and an undercover agent, as genuine Indian jewelry, Indian-style jewelry manufactured by Imad's Jewelry.

dd. On or about October 28, 2015, the defendant, **NAEL ALI**, displayed and offered for sale from his business Galleria Azul, to the public, as genuine Indian jewelry, Indian-style jewelry manufactured by Imad's Jewelry.

ee. On or about September 25, 2015, an employee at S.E., an Indian-style jewelry and crafts store owned by J.A., located in Ketchikan, Alaska, displayed, offered for sale and sold for $1,540 to an undercover agent, as genuine Indian jewelry made by Navajo artisan Irving Johnson, a student of Navajo artisan Calvin Begay, Indian-style jewelry manufactured by Imad's Jewelry.

ff. On or about each of the following dates, I.M., owner of K.G., an Indian-style jewelry store, located in Santa Fe, New Mexico, transferred funds via check from K.G.'s Bank of the West account (Acct. #…6179) in the following amounts to the

defendant, **IYAD AYSHEH**, at IJW's account at Bank of the West (Acct. #039-652644):

| Date | Sender | Amount | Payee |
|---|---|---|---|
| 5/29/2015 | I.M. K.G. (…6179) | $4,000 | **IYAD AYSHEH** IJW (…2644) |
| 6/30/2015 | I.M. K.G. (…6179) | $4,000 | **IYAD AYSHEH** IJW (…2644) |

gg. On or about October 20, 2015, an employee at K.G., an Indian-style jewelry store owned by I.M., located in Santa Fe, New Mexico, displayed, offered for sale and sold to an undercover agent, as genuine Indian jewelry made by a Zuni artist, Indian-style jewelry manufactured by Imad's Jewelry.

hh. On or about October 28, 2015, Indian-style jewelry manufactured by Imad's Jewelry was displayed and offered for sale at K.G., an Indian-style jewelry store owned by I.M., located in Santa Fe, New Mexico, as genuine Indian jewelry.

ii. On or about October 20, 2015, an employee at G.H., an Indian-style jewelry store owned by A.S., located in Santa Fe, New Mexico, displayed, offered for sale and sold for $1,500 to an undercover agent, as genuine Indian jewelry made by Navajo artisan Ervin Tsosie, Indian-style jewelry manufactured by Imad's Jewelry.

jj. On or about October 28, 2015, Indian-style jewelry manufactured by Imad's Jewelry was displayed and offered for sale at G.H., an Indian-style jewelry store owned by A.S., located in Santa Fe, New Mexico, as genuine Indian jewelry.

kk. On or about July 29, 2015, M.A., owner of G.I.P., an Indian-style jewelry store, located in Gallup, New Mexico, purchased $21,922 worth of Indian-style jewelry

      manufactured by Imad's Jewelry from the defendants, **IYAD AYSHEH** and **NEDAL AYSHEH**.

ll. On or about August 12, 2015, M.A., owner of G.I.P., an Indian-style jewelry store, located in Gallup, New Mexico, purchased $14,039 worth of Indian-style jewelry manufactured by Imad's Jewelry from the defendant, **IYAD AYSHEH**.

mm. On or about October 28, 2015, Indian-style jewelry manufactured by Imad's Jewelry was displayed and offered for sale at G.I.P., an Indian-style jewelry store owned by M.A., located in Santa Fe, New Mexico, as genuine Indian jewelry.

nn. On or about October 19, 2016, an employee at I.T.G., an Indian-style jewelry store owned by E.O., located in San Diego, California, displayed and offered for sale to an undercover agent, as genuine Indian jewelry made by Rick Tolino, Indian-style jewelry manufactured by Imad's Jewelry.

In violation of 18 U.S.C. § 371.

## Count 2

From on or about June 1, 2015, and continuing to on or about August 12, 2015, in Santa Fe County, in the District of New Mexico, the defendant, **IYAD AYSHEH**, did knowingly display and offer for sale for $1,000 and more, a good, specifically: jewelry, in a manner that suggested that the good was Indian produced, an Indian product, and the product of a particular Indian and Indian tribe, resident within the United States, when in truth and in fact, as he there and then well knew and believed, the good was not Indian produced, an Indian product, and the product of a particular Indian and Indian tribe.

15

In violation of 18 U.S.C. § 1159.

### Count 3

On or about October 15, 2015, and continuing to on or about October 28, 2015, in Bernalillo County, in the District of New Mexico, the defendant, **NAEL ALI**, did knowingly display and offer for sale for $1,000 and more, a good, specifically: jewelry, in a manner that suggested that the good was Indian produced, an Indian product, and the product of a particular Indian and Indian tribe, resident within the United States, when in truth and in fact, as he there and then well knew and believed, the good was not Indian produced, an Indian product, and the product of a particular Indian and Indian tribe.

In violation of 18 U.S.C. § 1159.

### FORFEITURE ALLEGATION

The allegations contained in the Introduction and in Count 1 of this Indictment are incorporated as part of this section of the indictment as if fully re-alleged herein for the purpose of alleging forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 981(a)(1)(B) and 28 U.S.C. § 2461.

Upon conviction for conspiracy to violate 18 U.S.C. §§ 542 or 545, as alleged in Count 1, the defendants, **IMAD AYSHEH, IYAD AYSHEH, NEDAL AYSHEH,** and **RAED AYSHEH**, shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1)(B) and 28 U.S.C. § 2461 any property, real or personal, involved in such offense, or any property traceable to such property.

Upon conviction for conspiracy to violate 18 U.S.C. § 1341, as alleged in Count 1, the defendants, **IMAD AYSHEH, IYAD AYSHEH, NEDAL AYSHEH,** and **RAED AYSHEH,**

shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1341 or a conspiracy to commit such offense.

Upon conviction for conspiracy to violate 18 U.S.C. § 1343, as alleged in Count 1, the defendants, **IMAD AYSHEH, IYAD AYSHEH, NEDAL AYSHEH,** and **RAED AYSHEH,** shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461 any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343 or a conspiracy to commit such offense.

Upon conviction for conspiracy to violate 18 U.S.C. § 1956(a)(2)(A), as alleged in Count 1, the defendants, **IMAD AYSHEH, IYAD AYSHEH, NEDAL AYSHEH,** and **RAED AYSHEH,** shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1) any property, real or personal, involved in such offense, or any property traceable to such property.

Upon conviction for conspiracy to violate 18 U.S.C. § 1957, as alleged in Count 1, the defendants, **IMAD AYSHEH, IYAD AYSHEH, NEDAL AYSHEH,** and **RAED AYSHEH,** shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1) any property, real or personal, involved in such offense, or any property traceable to such property.

The property to be forfeited to the United States includes, but is not limited to, the following:

1. **MONEY JUDGMENT**

A sum of money, including any interest, representing the value of property, which constitutes or is derived from proceeds traceable to the offense, or a conspiracy to commit such offense;

2. **FUNDS**

   a. $20,109.00 in U.S. Currency; and

   b. $6,723.04 in Funds from Bank of America account No. -4783.

3. **PERSONAL PROPERTY**

   a. 276 pieces of Native American-style jewelry; and

   b. 732 pieces of Native American-style jewelry.

4. **SUBSTITUTE ASSETS**

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A TRUE BILL:

/s/
FOREPERSON OF THE GRAND JURY

Assistant United States Attorney
2/6/2017 3:10 PM